| |
|---|
| **Mandart v Small Bone Innovations, Inc.** |
| 2025 NY Slip Op 30020(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155577/2017 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**      PART      **14**

*Justice*

-------------------------------------------------------------------------------X

KEITH MANDART,

                 Plaintiff,

            - v -

SMALL BONE INNOVATIONS, INC.,

                 Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155577/2017 |
| **MOTION DATE** | 01/03/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157

were read on this motion to/for          VACATE/STRIKE - NOTE OF ISSUE      .

Defendant's motion to strike the note of issue (a motion in which plaintiff concurs) is

granted as described below.

## Background

In this seven-year old matter, this Court previously declined to vacate an order that

directed that a note of issue be filed (NYSCEF Doc. No. 141). The Court observed that the

parties had repeatedly ignored deposition deadlines over the many years this case has remained

pending (*id*. at 1). However, the specific focus of the Court's prior decision was a Court order

dated July 16, 2024 that set a September 30, 2024 deadline to complete depositions. Instead of

complying with that order, the parties commenced plaintiff's deposition on October 16, 2024 and

did not complete it or apparently even set a future date to finish.

**155577/2017 MANDART, KEITH vs. SMALL BONE INNOVATIONS, INC.**
**Motion No. 004**

**Page 1 of 5**

Moreover, despite the fact that the parties were well aware that they had not complied with the July 16, 2024 Court order, they failed to update the Court about the status of discovery by October 10, 2024 (a Court-ordered update deadline). And so the Court set a November 12, 2024 note of issue deadline. After the Court declined to extend that deadline, plaintiff filed a note of issue. Defendant now moves to strike the note of issue and plaintiff joins in this request.

Defendant contends that there is much discovery outstanding including the completion of plaintiff's deposition, "numerous non-party witness depositions which include plaintiff's wife, surgeon Dr. David Zaret, surgeon Dr. Lorenzo Gamez, a representative of South Nassau Communities Hospital, a representative of St. Charles Hospital and potentially other witnesses whose identity and relevance will be determined after the completion of these depositions, post-deposition discovery demands, and orthopedic and neurology physical examinations" (NYSCEF Doc. No. 144, ¶ 13). Defendant observes that plaintiff's deposition was expected to be lengthy and that it was hard to coordinate availability. It also maintains that during the deposition, it became clear that it would need updated medical records to properly explore plaintiff's medical situation.

Plaintiff uploaded an affirmation in which he supports striking the note of issue and insists that there is a lot of outstanding discovery including the items raised by defendant in the moving papers.

**Discussion**

The Court is, quite frankly, at a loss about how to move this case toward resolution. Clearly, the parties have made little progress – it has been seven years and they have only started plaintiff's deposition. The record on this motion shows that the parties are far, far away from

**155577/2017   MANDART, KEITH vs. SMALL BONE INNOVATIONS, INC.**
**Motion No.  004**

**Page 2 of 5**

2 of 5

[* 2]

finishing discovery and that, despite this Court's efforts, they are apparently intent on making this case last well more than a decade. A review of the parties' actions the last few months readily explains the delays that have plagued this case since its inception. As noted in the previous motion, the Court set a September 30, 2024 deadline to complete depositions in an order dated July 16, 2024 (in other words, the parties had more than two months). Instead of complying with this specific and unambiguous Court directive, the parties chose to schedule plaintiff's deposition for October 16, 2024. One wonders how the parties were supposed to finish all depositions by September 30, 2024 if they began the first deposition more than two weeks after the deadline had passed?

And the parties did not do anything to extend this deadline. Rather, they just moved along on their own schedule and then ignored a deadline to update the Court about the status of discovery. Curiously, they held a single half-day of plaintiff's deposition and (at least on this record) did not even bother to pick a future date. According to defendant, plaintiff was traveling in from Vermont for this deposition and yet the deposition was adjourned in the afternoon as plaintiff's counsel had a court appearance. If plaintiff was traveling all the way from Vermont, then why didn't the parties pick a day (or a couple of days) when everyone, including the parties' attorneys, were available? Why was defendant unable to recognize prior to the deposition that it needed updated medical records in order to properly question plaintiff? There is something especially distressing about a seven-year-old case where, when plaintiff finally appears for a deposition, the parties are unable to hold and complete a single productive deposition.

The failure to contemplate these basic questions means that in the six months since the Court's July 2024 order, the parties have done some of plaintiff's deposition and nothing else despite the more than half-dozen depositions contemplated in the parties' papers. The parties

**155577/2017  MANDART, KEITH vs. SMALL BONE INNOVATIONS, INC.**
**Motion No.  004**

**Page 3 of 5**

[* 3]

3 of 5

have seemingly decided to focus their efforts on asking the Court for more and more time instead of focusing on completing discovery. This is a textbook example of how attorneys can upload numerous docket entries while simultaneously making little progress.

Clearly, Court orders and conferences have had little impact on the parties, who have ignored countless discovery orders. Yet, both parties want to keep this case going year after year with no end in sight. As they are both in agreement on this motion, the Court grants the motion and vacates the note of issue. Because discovery orders have not moved this case and discovery conferences have not yielded much progress, the Court will give the parties until December 10, 2025 to file a note of issue. It will be up to the parties to complete discovery between themselves as this Court's efforts to move this case toward resolution have been wholly ignored.

Accordingly, it is hereby

ORDERED that the motion to vacate the note of issue is granted on consent of plaintiff, the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)] and it is further

**155577/2017   MANDART, KEITH vs. SMALL BONE INNOVATIONS, INC.**                          **Page 4 of 5**
  **Motion No.  004**

ORDERED that the note of issue must be filed by December 10, 2025.

| 1/6/2025 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

**CHECK ONE:**     ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

         ☒ GRANTED    ☐ DENIED      ☐ GRANTED IN PART      ☐ OTHER

**APPLICATION:**       ☐ SETTLE ORDER      ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

**155577/2017  MANDART, KEITH vs. SMALL BONE INNOVATIONS, INC.**        **Page 5 of 5**
**Motion No.  004**

5 of 5

[* 5]